United States District Court
Northern District of California

1

2

3

4                              UNITED STATES DISTRICT COURT

5                            NORTHERN DISTRICT OF CALIFORNIA

6

7      PACIFIC STRUCTURES, INC,                    Case No.  21-cv-04438-HSG

8                    Plaintiff,
                                                   **ORDER GRANTING MOTION TO**
9              v.                                  **DISMISS AND DENYING MOTION TO**
                                                   **STAY**
10     GREENWICH INSURANCE COMPANY,
                                                   Re: Dkt. Nos. 15, 21
11                   Defendant.

12

13            This is an insurance coverage dispute between a construction company, Plaintiff Pacific

14     Structures, Inc., and its insurance company, Defendant Greenwich Insurance Company.  Plaintiff

15     seeks to recover damages suffered in an underlying state court action after Defendant allegedly

16     delayed in agreeing to defend Plaintiff.  Plaintiff brings four claims:  (1) declaratory relief; (2)

17     breach of contract; (3) breach of the implied covenant of good faith and fair dealing; and (4) an

18     Unfair Business Practices violation under California's Unfair Competition Law ("UCL").  Before

19     the Court are two motions filed by Defendant:  a motion to dismiss the UCL claim, Dkt. No. 15,

20     and a motion to stay the case pending resolution of the underlying action, Dkt. No. 21.

21     **I.      MOTION TO DISMISS**

22            Plaintiff's UCL claim must be dismissed.  Plaintiff is not entitled to the UCL claim's

23     remedy of equitable relief where, as here, Plaintiff's contract and bad-faith claims for damages

24     provide an adequate remedy at law.  *Collins v. eMachines, Inc.*, 202 Cal. App. 4th 249, 260

25     (2011), *as modified* (Dec. 28, 2011) ("[E]quitable relief (such as restitution) will not be given

26     when the plaintiff's remedies at law are adequate.").  Moreover, the UCL claim merely states legal

27     conclusions "on information and belief," "includ[ing] but . . . not limited to" all of the factual

28     allegations in the complaint, as well as unspecified "violations of California Insurance Code §

790.3(h)."  Dkt. No. 48 ("FAC") ¶ 48.  Plaintiff fails to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[1]

Accordingly, the Court **GRANTS** Defendant's motion to dismiss the UCL claim.  The Court has significant doubts as to whether Plaintiff can amend its Complaint, consistent with its Rule 11 obligations, to allege facts sufficient to allege a valid UCL claim.  However, because the Court cannot conclude that amendment necessarily would be futile, it dismisses the complaint with leave to amend this claim.  Any amended complaint must be filed within 21 days of the date of this order and must not add any new claims or defendants.

## II.    MOTION TO STAY

Regarding Defendant's motion to stay, both parties submit that the Court should apply the standard set out in *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936), to the motion.  However, because Plaintiff's complaint here seeks more than declaratory relief, it appears that the appropriate standard comes from *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (citation omitted).  *See Cottrell v. Duke*, 737 F.3d 1238, 1249 (8th Cir. 2013) ("To permit a district court to rely solely on its inherent power to control its docket, when the effect of the district court's order is to accomplish the same result contemplated by *Colorado River*, would allow a court to bypass the rigorous test set out by the Supreme Court [in *Colorado River*].");  *see also AIIRAM LLC v. KB Home*, No. 19-CV-00269-LHK, 2019 WL 3779185, at \*6 (N.D. Cal. Aug. 12, 2019) (finding *Landis* inapplicable to a motion to stay based on a related state action after concluding that *Colorado River* provided the controlling standard).

Because it appears likely that *Colorado River* controls, and because neither party addresses that standard in the motion to stay, the Court **DENIES** that motion.  This denial is without prejudice to Defendant refiling a motion addressing the factors the Ninth Circuit has identified for assessing the appropriateness of a *Colorado River* stay, *R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656

---

[1] The Court agrees with Defendant that to the extent Plaintiff alleges fraudulent business practices, it must also meet the heightened pleading standard set out in Rule 9(b).  The Complaint fails to do so.

United States District Court
Northern District of California

1    F.3d 966, 978-79 (9th Cir. 2011), or explaining (based on controlling authority) why *Colorado*

2    *River* does not apply in this circumstance.

3           **IT IS SO ORDERED.**

4    Dated: 3/24/2022

5                                                          HAYWOOD S. GILLIAM, JR.

6                                                          United States District Judge

United States District Court
Northern District of California