UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC STRUCTURES, INC, <br><br> Plaintiff, <br><br> v. <br><br> GREENWICH INSURANCE COMPANY, <br><br> Defendant. | Case No. 21-cv-04438-HSG <br><br> **ORDER GRANTING MOTION TO STAY** <br><br> Re: Dkt. No. 60 |

Plaintiff Pacific Structures, Inc. brings this insurance coverage dispute seeking damages it suffered in an underlying state proceeding after Defendant Greenwich Insurance Company allegedly delayed in agreeing to defend Pacific Structures in that action. Greenwich previously moved under *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936), to stay this action pending resolution of the state proceeding. Dkt. No. 21. Finding that *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976), not *Landis*, appeared to supply the appropriate standard for evaluating Greenwich's motion, the Court denied the motion without prejudice to the refiling of a motion addressing the *Colorado River* requirements or explaining why *Colorado River* did not apply. Dkt. No. 57. Greenwich now renews its motion to stay.[1] Dkt. No. 60.

The Court's previous order based its conclusion on case law from courts in this district and other circuits holding that *Colorado River* is the appropriate standard to apply to a motion to stay a

---

[1] Defendant asks the Court to take judicial notice of documents filed in the parallel state action. ECF No. 60-3. All documents are part of the state court record and thus appropriate for judicial notice. *See BP W. Coast Prod. LLC v. Greene*, 318 F. Supp. 2d 987, 994 (E.D. Cal. 2004) ("Judicial notice may be taken of court records" including "opinions, complaints, briefs, and evidence filed in other actions"). However, the Court will consider these documents only for their existence and to show the arguments raised, and not for the truth of any facts asserted. *See M/V Am. Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1491 (9th Cir. 1983).

1    federal case in favor of an underlying state proceeding.  ECF No. 57 at 2 (citing *Cottrell v. Duke*,

2    737 F.3d 1238, 1249 (8th Cir. 2013); *AIIRAM LLC v. KB Home*, No. 19-CV-00269-LHK, 2019

3    WL 3779185, at *6 (N.D. Cal. Aug. 12, 2019)).  The reasoning in those cases is the same:

4    "Granting a stay under the broader *Landis* test in such circumstances would undermine the narrow

5    *Colorado River* doctrine and its instruction for courts to exercise their 'virtually unflagging

6    obligation' to exercise jurisdiction." *AIIRAM*, 2019 WL 3779185, at *6 ("nothing in Ninth Circuit

7    precedent indicates that *Landis* supplies an alternative to the *Colorado River* doctrine").  But

8    having now looked more closely at the issue, the Court concludes that *Landis* rather than

9    *Colorado River* applies under the circumstances here, given the different purposes of the two

10   doctrines.

11          In *Colorado River*, the Supreme Court announced a narrow abstention doctrine that federal

12   courts should invoke only in "exceptional circumstances." *See Moses H. Cone Mem. Hosp. v.

13   Mercury Constr. Corp.*, 460 U.S. 1, 19 (1983) (applying *Colorado River*).  "When a district court

14   decides to dismiss or stay under *Colorado River*, it presumably concludes that the parallel state-

15   court litigation will be an adequate vehicle for the complete and prompt resolution of the issues

16   between the parties.  If there is any substantial doubt as to this, it would be a serious abuse of

17   discretion to grant the stay or dismissal at all." *Id.* at 28.  The Supreme Court concluded that "the

18   decision to invoke *Colorado River* necessarily contemplates that the federal court will have

19   nothing further to do in resolving any substantive part of the case, whether it stays or dismisses."

20   *Id.* at 28.  By contrast, a federal court applying *Landis* only "postpones resolution of the case

21   pending some related proceeding" that "typically serves only to narrow the factual or legal issues

22   for the federal court." *Stoltz v. Fry Foods, Inc.*, 60 F. Supp. 3d 1132, 1136 (D. Idaho 2014).

23   While *Colorado River* contemplates a complete abdication of "the virtually unflagging obligation

24   of the federal courts to exercise the jurisdiction given them," 424 U.S. at 817, a *Landis* stay is

25   generally only for a limited duration. *Compare Holder v. Holder*, 305 F.3d 854, 868 (9th Cir.

26   2002) (reversing a *Colorado River* stay "[b]ecause there [wa]s substantial doubt that a final

27   determination in the [state] custody proceeding [would] resolve all of the issues in [the federal

28   suit]") *with Landis*, 299 U.S. at 256 ("[T]he individual may be required to submit to delay not

1 immoderate in extent . . ."); *see also id.* at 255 (stating that a district court abuses its discretion by entering a "stay of indefinite duration in the absence of a pressing need"); *Belize Soc. Dev. Ltd. v. Belize*, 668 F.3d 724, 730 (D.C. Cir. 2012) ("The stay at issue may be sufficiently indefinite as to require a finding of pressing need [under *Landis* ], . . . but it is not so indefinite as to constitute the equivalent of a dismissal under the 'effectively out of court' doctrine."). Thus, the *Landis* and *Colorado River* standards exist as distinct doctrines for use "in appropriate cases." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1113 (9th Cir. 2005) ("We do not intend that this opinion be read to restrict unduly the ability of the district court, in appropriate cases, to issue *Landis* stays, or to issue stays under other doctrines, such as *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976).").

Here, Greenwich asks the Court to stay this case with the expectation that resolution of the state claims will only "narrow the factual or legal issues for the federal court." *Stoltz*, 60 F. Supp. 3d at 1136; *cf. id.* at 1137-38 (applying *Colorado River* instead of *Landis* to motion to stay pending Oregon state appeal action where movant had "the expectation that he will prevail on appeal and litigate his claims in the Oregon courts," and "assum[ed] that there will be nothing more for this Court to do once a stay is entered"). Greenwich does not ask the Court to abdicate its jurisdiction based on a conclusion that the state action "will be an adequate vehicle for the complete and prompt resolution of the issues between the parties." *Moses H. Cone*, 460 U.S. at 28. Based on the nature of the stay requested, the Court thus will apply the *Landis* test.

In considering whether to issue a *Landis* stay, the Court considers the following factors:

> (1) the possible damage which may result from the granting of a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay

*CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55). Applying these factors, the Court concludes that Greenwich has met the *Landis* requirements.

First, it is unlikely a stay would cause harm to either party. Greenwich is defending Pacific Structures in the underlying state proceeding, and Pacific Structures has been fully reimbursed for its prior out-of-pocket defense expenses. Dkt. No. 60-1 at 11. Pacific Structures

3

argues that a third-party administrator responsible for adjusting its insurance claim has already switched jobs several times and may forget relevant facts as time passes. Dkt. No. 64 at 9. But as Greenwich points out, this is an insurance coverage dispute that in large part concerns the meaning of written agreements, rather than focusing on the unrecorded memories of witnesses. Thus, the first *Landis* factor weighs in favor of a stay.

Second, denying a stay could prejudice Greenwich by requiring it to simultaneously defend Pacific Structures in the underlying state action and itself in this action. In this insurance coverage dispute, Pacific Structures alleges that Greenwich delayed in agreeing to defend it in the state action. As a result, Pacific Structures claims that it was forced into settling its counterclaims against the state action plaintiff and forwent over $4 million in owed damages. As Greenwich argues, denying a stay could force it to take a position in the state action inconsistent with its position here. For example, Greenwich must argue on Pacific Structures's behalf in the state action that it was diligent and satisfied all of its contractual obligations. That position is at odds with arguments Greenwich intends to make in this action regarding Pacific Structures's culpability. *See Liberty Corp. Cap. Ltd. v. Cotton*, No. 21-CV-00848-DOC(KESX), 2021 WL 6103365, at *2 (C.D. Cal. Sept. 22, 2021) ("Litigation of an insurance coverage action while the underlying proceedings are pending may prejudice the insured by 'requir[ing] the insured to fight a two-front war;' requiring the insurer to join forces with the plaintiff against its insured; and risking collateral estoppel of issues decided in the declaratory relief action." (quoting *Haskel, Inc. v. Superior Ct.*, 33 Cal. App. 4th 963, 979 (1995))). Thus, the second *Landis* factor weighs in favor of a stay.

Third, granting a stay would serve the orderly course of justice. There is factual overlap between the state action and this action, including with respect to the foundational determination of whether Pacific Structures was culpable in the underlying state action. Avoiding inconsistent rulings promotes judicial efficiency and supports a stay. Pacific Structures argues that the orderly course of justice precludes Greenwich from "relitigat[ing]" this case. Dkt. No. 64 at 8-9. In support, it points to a state court case, *Pruyn v. Agricultural Ins. Co.*, 36 Cal. App. 4th 500, 515 (1995), *as modified* (July 12, 1995), *as modified on denial of reh'g* (July 27, 1995), for the

4

proposition that Greenwich is bound "by the terms of the [state action's] settlement[] if it is reasonable and free from fraud or collusion." Dkt. No. 64 at 9. But Pacific Structures's reliance on *Pruyn* is misplaced. *Pruyn* stands for the principle that "a reasonable settlement made by the insured to terminate the underlying claim . . . may be used as presumptive evidence of the [1] insured's liability on the underlying claim, and [2] the amount of such liability." 36 Cal. App. 4th at 515. It held that "to demonstrate the right to rely on such presumption," a plaintiff filing an insurance coverage dispute against an insurer is still "required to establish certain basic or foundational facts." *Id.* at 528. The Court does not read *Pruyn* as somehow binding Greenwich based on *Pacific Structures's* own settlement in the underlying state action for purposes of this case. Thus, the third *Landis* factor weighs in favor of a stay.

\*     \*     \*

Taking the three *Landis* factors into account, the Court finds in its discretion that staying this case pending resolution of the underlying state action best serves the efficient use of party and judicial resources. Accordingly, the Court **GRANTS** Greenwich's motion to stay. The parties shall file a joint status report every six months from the date of this order to update the Court on the status of the state court action. The parties shall also file a joint status report within 48 hours of the resolution of the state court action. The Court will assess every six months whether lifting the stay is warranted.

**IT IS SO ORDERED.**

Dated: 6/15/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge