UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PACIFIC STRUCTURES, INC,

Plaintiff,

v.

GREENWICH INSURANCE COMPANY,

Defendant.

Case No. 21-cv-04438-HSG

**ORDER DENYING ADMINISTRATIVE MOTION TO SEAL**

Re: Dkt. No. 47

Pending before the Court is Plaintiff's administrative motion to consider whether another party's material should be sealed. Dkt. No. 47. Non-party Sedgwick Claims Management Services, Inc. submitted a response and two declarations in support of sealing portions of the First Amended Complaint. Dkt. No. 50. The Court **DENIES** the motion for the reasons below.

## I.   LEGAL STANDARD

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in

1    disclosure and justify sealing court records exist when such 'court files might have become a

2    vehicle for improper purposes,' such as the use of records to gratify private spite, promote public

3    scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v.*

4    *Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).  "The mere fact that the production of records

5    may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not,

6    without more, compel the court to seal its records." *Id.*

7         Records attached to nondispositive motions must meet the lower "good cause" standard of

8    Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only

9    tangentially related, to the underlying cause of action." *Id.* at 1179–80 (quotations omitted).  This

10   requires a "particularized showing" that "specific prejudice or harm will result" if the information

11   is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th

12   Cir. 2002); *see also* Fed. R. Civ. P. 26(c).  "Broad allegations of harm, unsubstantiated by specific

13   examples of articulated reasoning" will not suffice.  *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966

14   F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

15   **II.   DISCUSSION**

16        Because the complaint is the pleading on which this case is based, the Court applies the

17   "compelling reasons" standard.  *See, e.g.*, *Space Data Corp. v. Alphabet Inc.*, No. 16-CV-03260-

18   BLF, 2018 WL 10454862, at *2 (N.D. Cal. Aug. 31, 2018) (finding compelling reasons standard

19   governed motion to seal portions of the complaint); *In re NVIDIA Corp. Derivative Litig.*, No. C

20   06-06110 SBA, 2008 WL 1859067, at *3 (N.D. Cal. Apr. 23, 2008) ("While a complaint is not,

21   per se, the actual pleading by which a suit may be disposed of, it is the root, the foundation, the

22   basis by which a suit arises and must be disposed of.").  The portions of the complaint at issue

23   here are paragraphs 28(e) through 28(l), as Sedgwick concedes that paragraphs 28(a) through

24   28(d) may be filed publicly.  *See* Dkt. No. 50 at 2.

25        The Court finds the proposed redaction of eight full paragraphs of the complaint

26   overbroad.  Requests to file under seal must be "narrowly tailored" such that only sealable

27   information is sought to be shielded from public access.  Civ. L.R. 79-5(c)(3).  Sedgwick's

28   primary contention is that these portions of the complaint, comprising internal email excerpts,

*United States District Court*
*Northern District of California*

2

1    reveal the number of claims assigned to claims examiners.  This suggests that, at most, the specific

2    figures themselves might be sealable.  But Sedgwick provides no compelling reason to seal the

3    entirety of the email excerpts.  While Sedgwick argues these excerpts were included to tarnish its

4    reputation, the Ninth Circuit has made clear that "[t]he mere fact that the production of records

5    may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not,

6    without more, compel the court to seal its records."  *Kamakana*, 447 F.3d at 1179; *see also*

7    *Sjostrom v. Kraatz*, No. 16-CV-01381-DMR, 2016 WL 3940886, at *2 (N.D. Cal. July 21, 2016)

8    (refusing to seal where litigant argued the complaint would harm the defendant's reputation and

9    business).

10        Further, the excerpts relate directly to Plaintiff's allegations that Defendant breached its

11   contractual duties by, among other things, failing to timely investigate and respond to Plaintiff's

12   insurance claim.  Thus, the "interest in ensuring the public's understanding of the judicial

13   process," *Kamakana*, 447 F.3d at 1179 (quotation omitted), is not served if these portions are

14   redacted in their entirety as proposed.

## III.    CONCLUSION

16        The Court **DENIES** Plaintiff's administrative motion to seal.  Per Civil Local Rule

17   79-5(g)(2), if Sedgwick wishes to file a renewed motion to seal, it must do so within seven days

18   from the date of this order.  To be clear, the Court rejects the proposed redaction of the entire

19   paragraphs identified, and finds that Sedgwick cannot meet the compelling reasons standard as to

20   those paragraphs.  Sedgwick thus may not again seek the redaction of these paragraphs in their

21   entirety.  For any particular narrower fact sought to be sealed, Sedgwick must present a

22   particularized compelling reason.  If no motion is filed, Plaintiff is **DIRECTED** to file public

23   versions of all documents for which proposed sealing has been denied within ten days.

24        **IT IS SO ORDERED.**

25   Dated:   9/26/2022

26

27   HAYWOOD S. GILLIAM, JR.
     United States District Judge

28

United States District Court
Northern District of California

3